### COATES v HERRON, JR., a Minor

Ohio Appeals, 9th Dist, Summit Co.

No. 3106. Decided April 4, 1939.

Amer, Sophrin & Cunningham, Akron, for appellant.

H. A. Waltz, Akron, and James Olds, Akron, for appellee.

### OPINION

By WASHBURN, PJ.

Plaintiff (appellant) brought this action against defendant (appellee), a minor, to recover damages for the wrongful death of Leon Laingor for the benefit of said decedent's dependent widow. While in a street in the city of Akron between intersections, and in the night season, said decedent was hit by an automobile driven by the defendant minor.

The trial in the Common Pleas Court resulted in a verdict of the jury for the defendant, and the controversy is now before this court on appeal on questions of law. The bill of exceptions does not contain any of the evidence introduced at the trial, and contains only the charge of the court—composed of instructions before argument, and general instructions following the argument.

The court submitted to the jury the question of whether or not defendant was negligent, and also whether or not plaintiff's decedent was contributorily negligent. The verdict of the jury was a simple general verdict; and since it may have been based upon the finding as to either of said issues, it is conceded that, in order to be entitled to a reversal of the judgment, it is necessary for the plaintiff to demonstrate prejudicial error in reference to both of said issues.

The error claimed in reference to the issue of contributory negligence is that "the trial court invaded the province of the jury when he told the jury what the decedent should have done while

attempting to cross the street in order for them to find that the decedent had exercised ordinary care for his own safety."

The court had charged before argument that a pedestrian undertaking to cross a street had the right to assume, in the absence of knowledge to the contrary, that drivers of vehicles in the street will exercise ordinary care, and also that, in the absence of a violation of a specific legislative act, a pedestrian is entitled to equal rights in the street, "but has the duty to exercise reasonable care for his own safety under the circumstances."

In the general charge, after charging that it was the defendant's duty to do what a person of ordinary carefulness or prudence would have done under the same or similar circumstances to avoid a collision—namely, exercise ordinary care under the circumstances —the court charged as follows:

"Likewise, it was the duty of the plaintiff's decedent as he stepped from the curb in crossing the street to look in both directions, and as he proceeded to cross the street it was his duty to keep a lookout for automobile traffic upon the street and to use that degree of care for his own safety which persons of ordinary care and prudence are accustomed to use or employ under the same or similar circumstances, and a failure to do so would constitute negligence, and if such negligence proximately contributed to cause the collision and the resulting injuries or death, then I say to you that the plaintiff cannot recover and you should find for the defendant."

The criticism of said charge is based upon the words, near the beginning of the paragraph, "it was his duty to keep a lookout for automobile traffic upon the street."

It may be readily admitted that the phrase quoted, when considered separate and apart from its context, is not an accurate statement of the law, and it might be understood by the jury as prescribing a definite act to be done to constitute due care, but when we take into consideration the context and the whole of what was said in the charge on that subject, there would be little or no chance of the jury failing to understand that what was required of the decedent was the exercise of ordinary care in crossing the street, and that the jury was the judge of what would constitute ordinary care.

We find no substantial error in the charge of the court just considered, but even if there was such error it would be necessary in the situation here presented to have before us the evidence in the case in order to determine that such error was prejudicial.

It is also claimed that the court erred in instructing the jury as to a certain ordinance of the city which made it unlawful for plaintiff's decedent to walk in, along or upon the street in question at a place where there was no crossing or crosswalk.

The petition alleged that plaintiff's decedent was crossing at a crosswalk, and the answer denied that allegation and alleged that said decedent was in the street at a place other than a crosswalk, and that he was proceeding not at right angles to the curb line, but diagonally. As before stated, there is no evidence whatever before us, and under such circumstances we cannot find that the court's charge in reference to said ordinance was prejudicial error.

Having concluded that there was no prejudicial error in the submission of the issue as to contributory negligence, it is not necessary to pass upon the other question as to error in the charge of the court concerning the degree of care required of the defendant minor in the operation of his automobile upon the streets of the city, he being licensed so to do by the state.

Judgment affirmed.

DOYLE, J. and STEVENS, J., concur.