*508 OPINION
By WASHBURN, PJ.
This controversy is before the court on an appeal on questions of law from a judgment entered by the Court of Common Pleas. The action was one brought by the beneficiary under an insurance policy to recover from the insurance company for the death of the insured.
The insurance company admitted that it was liable to the extent of $200 under certain provisions of the policy, but denied that it was liable for $1,000 under other provisions of the policy.
The $1,000 liability depended upon a question of fact, which the court submitted to the jury and which the jury determined in favor of such liability.
The defense of the company as to ■ the $1,000 liability is bottomed upon two of the exceptions to such liability, which exceptions are set forth in paragraph F of the policy of insurance.
The first limitation here in issue is the one denominated No. 2 in paragraph F. That limitation on the $1,000 liability is that if the injuries described in paragraph A “are caused wholly or in part by voluntary exposure to unnecessary danger or obvious risk of injury, * * * by automobile or motorcycle accident,” the liability of the company shall be $200 instead of $1,000.
The claim is that an injury caused by voluntary exposure to unnecessary danger or obvious risk of injury constitutes one exception, and that an injury by automobile or motorcycle accident constitutes another and independent exception.
The trial court did not adopt such construction, but, applying the universally accepted rule that words of limitation should be most favorably construed in favor of the insured and against the company, determined that the words “voluntary exposure” applied to an injury caused by an automobile accident.
While the language of limitation No. 2 of paragraph F is susceptible to the construction contended for by the appellant, we are of the opinion that the court applied the proper rule of construction, and that, considering all of the provisions of the policy, the court did not err in its construction in question.
This is not a case of enlargement but of limitation of the amount of liability provided for in the main provisions of the policy.
“Voluntary exposure” means something more than mere negligence. The risk must have been appreciated or so obvious as to justify a finding that it was appreciated.
A reading of the record in this case leads us to the conclusion that the jury would not have been justified in finding that there was such a voluntary exposure, and that in any event the finding of the jury that there was no such voluntary exposure is not manifestly against the weight of the evidence.
The other limitation set forth in paragraph F is denominated No. 3, and is in part that if the injuries described in paragraph A “are re *509 eeived as the result of or while violating the law,” the liability shall be two hundred dollars instead of one thousand dollars.
The law which it is claimed the insured violated is contained in §6310-36 GC, which provides that “Pedestrians shall not step into or upon a public road or highway without looking in both directions to see what is approaching.”
The insured did not violate said law if he did not look in both directions after he stepped into the road.
See Coates, Admx., v Herron, Jr., 32 Abs 101, decided by this court on April 4, 1939.
As we view the record, there is no substantial evidence that the insured was hit while stepping into the road, and the law merely proktibited the insured. from stepping into the street “without” looking in "both directions; even if the insured did step into the street without looking in both directions, if he did not die as the result of being ‘.hit while so stepping in, he was not killed “while violating the law.” (Emphasis ours.)
Therefore, as to this limitation, it was a question for the jury as to whether the insured was killed “as the result of * * * violating the law.” (Emphasis ours.) A consideration of that matter involves the question of proximate ■cause and therefore the court was not in error in so charging the jury; and we are of the opinion that the finding of the jury that the insured’s death was not the '“result” of his violation of sail law is not manifestly against the weight of the evidence.
Judgment affirmed.
DOYLE, J., & STEVENS, J., concur.